11 A.3d 369

IN THE MATTER OF JORDAN B. LUBER, AN ATTORNEY
AT LAW (ATTORNEY NO. 054241991).

February 2, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–178, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **JORDAN B. LUBER of LAFAYETTE HILLS, PENNSYLVANIA,** who was admitted to the bar of this State in 1992, and who resigned from the practice of law by Order filed June 29, 2007, should be suspended from the practice of law for a period three years based on respondent's guilty plea in the United States District Court for the Eastern District of Pennsylvania to single counts of mail fraud and health care fraud, in violation of 18 *U.S.C.A.* § 1341 and 18 *U.S.C.A.* § 1347, conduct that in New Jersey violates *RPC* 8.4(b)(commission of a criminal act that reflects adversely on honesty, trustworthiness or fitness as a lawyer), and *RPC* 8.4(c) (contact involving dishonesty, fraud, deceit or misrepresentation);

And **JORDAN B. LUBER** having been ordered to show cause why the Court's Order accepting respondent's resignation without prejudice should not be vacated and why respondent should not be disbarred or otherwise disciplined;

And the Court having determined that the period of suspension should be retroactive to June 9, 2008, the date of respondent's sentencing;

And good cause appearing;

It is ORDERED that **JORDAN B. LUBER** is suspended from the practice of law for a period of three years, effective June 9, 2008, and until the further Order of the Court; and it is further

ORDERED that this suspension has no effect on the June 29, 2007, resignation of respondent from the bar of this State and any

readmission to the bar of this State shall be pursuant to *Rule* 1:24; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys;  and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State;  and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.